# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALICE LATULA, also known as Alice Mae Broussard-Latula, also known as Mae Broussard, also known as Julie Norris, also known as Elkin Broussard, doing business as Triple Js Marketing,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-331

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Alice Latula pleaded guilty to a single count of money laundering in violation of 18 U.S.C. § 1957. She was sentenced at the low end of the applicable guidelines range to 78 months of imprisonment to be followed by three years of supervised release. She was also ordered to make restitution in the amount of $1,322,419. Latula now appeals her 78-month sentence as being

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30892

substantively unreasonable in that it is greater than necessary to meet the sentencing objectives of 18 U.S.C. § 3553(a). The substantive reasonableness of a sentence is reviewed for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Latula concedes that her advisory guidelines sentencing range was properly calculated. Her challenge to her sentence focuses on what she characterizes as an anomaly created by U.S.S.G. § 2B1.1(b)(2)(C), which calls for the district court to enhance a defendant's offense level by six levels if the offense involved more than 250 victims.[1] Latula points out that a better educated and more financially-sophisticated defendant could hypothetically reach the same loss amount that she did by involving only 13 victims and would thus receive only a two-level increase for the number of victims. She therefore reasons that the application of the § 2B1.1(b)(2)(C) enhancement had an outsized effect on her sentencing range. Latula also argues that, since she scored no criminal history points, a 78-month sentence was unnecessary to deter recidivism and protect the public from her future crimes.

The record reflects that the district court considered Latula's arguments that a lesser sentence was warranted and determined that a sentence within the guidelines range was proper. We must defer to the district court's sentencing decision, *see Gall*, 552 U.S. at 51-52, and Latula has not demonstrated that the district court's choice of sentence was incorrect or not entitled to the presumption of reasonableness, *see United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.

---

[1] Latula's offense involved 3,064 victims.